United States District Court
Southern District of Texas
**ENTERED**
December 02, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Dennis Laviage, §
　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　§
versus　　　　　　　§　　　Civil Action H-20-84
　　　　　　　　　　§
Jesse E. Fite, §
　　　　　　　　　　§
　　　　Defendant. §

## Order Denying Dismissal

1.　*Background.*

　　Dennis Laviage is the president and chief executive officer of C&D Scrap Metal. It buys scrap metal then ships it to foreign countries. The Texas Occupation Code requires that C&D report to the Texas Department of Public Safety its sales of regulated metals. C&D is required to send identical reports to the City of Houston.

　　C&D uses a software called "Scrap Dragon" to transmit its purchase documentation to the City of Houston. In November 2015, C&D's reporting software occasionally failed to report purchases to the Department of Public Safety. This continued for months, and it came to the attention of Sergeant Jesse Fite in the Harris County Police Department's Metal Theft Unit. Laviage says he told Fite that he was having problems with the software, and he began manually reporting purchases to the Department as discrepancies were discovered.

　　After that, Laviage says that his interactions with Fite became tense and unprofessional. On January 4, 2016, he filed a complaint against Fite, which the police department reviewed and dismissed. Laviage says that this soured their already strained relationship.

　　Fite would compare C&D reports filed with the City of Houston to the Department's. He found 24 reports that were not filed with the Department on time.

On March 4, 2016, Laviage was arrested for knowing failure to furnish metal recycling entity reports to the Department. Fite did not arrest Laviage, but he had submitted an affidavit to support the arrest warrant. On August 23, 2018, Laviage was acquitted, and the trial court granted an order expunging the prosecution.

Laviage sued Fite for: (a) false arrest, (b) malicious prosecution, and (c) relief under Section 1983. Laviage amended his complaint seeking relief under Section 1983 for a Fourth Amendment violation based on malicious prosecution. Fite has moved for judgment on the pleadings, arguing that: (a) he reasonably excluded information from an affidavit for the warrant, and (b) he is shielded from liability by qualified immunity.

Fite will not prevail.

2. *Qualified Immunity.*

Fite says Laviage's complaint insufficiently pleads that Fite intentionally omitted material facts from the affidavit. Fite also says he is entitled to qualified immunity because his conduct was objectively reasonable.

Fite's search was objectively reasonable if supported by probable cause.[1] The law requires that Fite's affidavit include enough facts to enable the magistrate to make an independent evaluation that there was probable cause to arrest Laviage.[2] Fite could be liable if he made an intentional omission that results in a warrant being issued without probable cause.[3]

A. *The Affidavit.*

Laviage says that Fite intentionally omitted his knowledge that (1) the software occasionally failed to report purchases to the Department, and (2) Laviage filed identical reports to the City of Houston. Laviage must plead that if the facts were included, there would be probable cause to support an arrest warrant. The affidavit says the regulated materials were reported to the City of Houston but not the Department. Laviage incorrectly said Fite omitted this fact.

---

[1] See U.S. v. Leon, 468 U.S. 897, 922-23 (1984); U.S. v. Perez, 484 F.3d 735, 743 (5th Cir. 2007).

[2] Franks v. Delaware, 438 U.S. 154, 165 (1978).

[3] Melton v. Phillips, 875 F.3d 256, 264 (5th Cir. 2017)

B. *Probable Cause.*

Laviage sufficiently pleads that Fite intentionally wrote a misleading affidavit by excluding the software issues. Laviage was transparent with Fite. He acknowledged the deficiencies and made an effort to correct them. If the omitted fact was included, Laviage pleads factual content that allows the court to reasonably infer that the warrant would have lacked probable cause.

The law requires that Laviage "intentionally and knowingly" not file the reports. Laviage had no intent to conceal. He filed substantively identical reports with the City of Houston. Fite deliberately cross-checked the Department's reports with the City of Houston. Laviage kept Fite appraised of his efforts to correct the software issues but Fite persisted on a fishing expedition.

Taking the facts as plead, the Magistrate Judge could draw a reasonable inference from the circumstances that Laviage did not "intentionally and knowingly" fail to report to the Department. The jury's decision to throw out the claims illustrates the baseless foundation for the initial charge.

Fite insists that he did not decide to prosecute. The Assistant District Attorney decided. His decision to prosecute was entirely based on Fite's affidavit. The information Fite furnished was an integral part of the arrest warrant. Fite is liable for his omissions.

3. *Conclusion.*

Fite does not overcome the qualified immunity defense at the pleading stage. Dennis Laviage's claims against Jessie Fite subsist. (40)

Signed on December **2**, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge